■ In the Matter of ZENITH WINE & LIQUOR, INC., Respondent, v STATE LIQUOR AUTHORITY, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent to suspend petitioner's package store retail liquor license for 10 days, the appeal is from a judgment of the Supreme Court, Kings County (Adler, J.), dated December 21, 1981, which granted the application to the extent of reducing the suspension to one day and directed that the order of suspension need not be posted or publicly displayed. Judgment affirmed, with costs. The one-day suspension shall become effective in accordance with the dictates of 9 NYCRR 54.7. The penalty imposed by the appellant for a technical violation was so disproportionate to the offense in light of all the circumstances to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 223). Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ALEXANDER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 27, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The proof of the defendant's guilt is overwhelming and there is no reasonable possibility that the jury would have acquitted the defendant had it not been for the errors, if any (see *People v Crimmins,* 36 NY2d 230). "[V]iewed in light of the elements of each crime as charged to the jury", the verdicts of guilty of robbery in the first degree and not guilty of criminal possession of a weapon in the second degree were not repugnant (see *People v Tucker,* 55 NY2d 1, 4). We have considered the other arguments made by the defendant and we nevertheless affirm. Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.