■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DUFFY, Also Known as JOHN MARINO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Kalinowski, J.), rendered January 29, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We view any errors occurring at trial as harmless beyond a reasonable doubt in light of the fact that the proof of defendant's guilt is, upon this record, overwhelming, and there is no reasonable possibility that the jury would have acquitted the defendant had they not been made (*People v Crimmins,* 36 NY2d 230; see

*People v Alexander,* 91 AD2d 666). Lazer, J. P., Gulotta and Boyers, JJ., concur.

Brown, J., concurs to affirm the judgment, with the following memorandum: While I agree with the conclusion of my colleagues that, upon examination of the entire record, the errors committed at trial were harmless, I feel compelled nonetheless to comment upon the introduction into evidence of four color photographs of the deceased victim. Defendant's version of the events immediately preceding the victim's death was consistent with the People's evidence as to the manner in which the wounds had been inflicted. The question at issue was who had inflicted the wounds, not the manner in which they had been inflicted. Photographs of a homicide victim are admissible into evidence only "if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (*People v Pobliner,* 32 NY2d 356, 369). In my view, the photographs served no useful purpose and should not have been received in evidence. In another case the introduction of such photographs might well necessitate reversal.