■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URITH ELLIS, Also Known as URITH WILLIAMS, Appellant.— Appeal by the defendant from two judgments of the Supreme Court, Queens County (Leahy, J.), both rendered October 27, 1982, convicting her of robbery in the first degree pursuant to indictment No. 2097/81, upon a jury verdict, and robbery in the second degree pursuant to indictment No. 2718/81, upon her plea of guilty, and imposing sentences.

Judgments affirmed.

The defendant's conviction of robbery in the first degree upon a jury verdict arose from the March 20, 1981 robbery at gunpoint of cab driver Richard Matthews. Under Queens County indictment No. 2097/81, the defendant was charged with acting in concert with accomplice Roland Martin and committing the crimes of (1) robbery in the first degree in the course of which the defendant and her accomplice were armed with a deadly weapon, (2) criminal use of a firearm in the first degree, and (3) criminal possession of a weapon in the second degree. The jury found the defendant guilty of robbery in the first degree, but acquitted her of the other charges.

Thereafter, the defendant pleaded guilty to robbery in the second degree in full satisfaction of indictment No. 2718/81. The charges under this indictment arose from the March 16, 1981 robbery at gunpoint of money and other property from cab driver Angel Rosaro and another victim. During this incident the defendant also acted in concert with the same accomplice, Roland Martin.

The issues raised by the defendant on these appeals concern the conviction based upon the jury verdict which the defendant contends was repugnant. However, we find that viewed in light of the elements of each crime as charged to the jury, the verdicts of guilty of robbery in the first degree and not guilty of criminal possession of a weapon in the second degree or of criminal use of a firearm in the first degree were not repugnant *(see, People v Tucker,* 55 NY2d 1, 7; *People v Alexander,* 91 AD2d 666). The verdicts can be harmonized since the jury could have reasonably concluded that the defendant could be convicted of the crime of robbery on the basis that she intended to forcibly steal property from Matthews, but that she did not knowingly and intentionally possess or use the loaded deadly weapon.

Also, contrary to the defendant's assertions, the trial court

did not abuse its discretion in denying her request for certain instructions to be given in its charge to the jury. Specifically, with respect to the defendant's request that criminal facilitation in the fourth degree be charged as a lesser included offense of the robbery charge, we find that the court properly determined that no reasonable view of the evidence would support a finding that the defendant committed the lesser offense but not the greater (see, CPL 300.50 [1]; *People v Glover*, 57 NY2d 61).

Finally, the defendant's sentence to a term of imprisonment of from 6 to 18 years upon her conviction of robbery in the first degree falls within the limits of Penal Law § 70.02 (3) (a). Under all of the circumstances, we find no basis to disturb the sentencing court's proper exercise of its discretion. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.