■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL J. JOHNSON, Respondent.—Order unanimously reversed on the law, motion denied and indictment reinstated. Memorandum: The court's dismissal of the indictment charging defendant with murder in the second degree was improper. Viewed most favorably to the People, the evidence, if unexplained and uncontroverted, would warrant conviction by a jury (see, People v Jennings, 69 NY2d 103, 114).

The record reveals that defendant provided the principal, Ford, with the means to commit the crime, lending him a shotgun shortly before the murder of Steve Dart. The Grand Jury also heard testimony from which it could conclude that defendant had foreknowledge of the crime. Defendant knew of a love affair between Ford and the wife of the deceased, had heard Ford "joke" about killing Dart, accompanied Ford to the Dart residence on the day of the murder and knew of Ford's intent when Ford entered the house. After the crime, defendant remained with Ford, took the shotgun to his house and misrepresented his involvement with Ford to the police. From this evidence, the Grand Jury could have properly inferred defendant's intent to aid Ford in the commission of the crime.

Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense (Penal Law § 20.00; see, Matter of Anthony M., 63 NY2d 270, 282). The evidence before the Grand Jury was sufficient to prove a prima facie case of accessorial liability based upon intent which may be inferred from defendant's acts in light of the knowledge defendant had of the planned murder (see, People v Beaudet, 32 NY2d 371, 375). (Appeal from order of Monroe County Court, Marks, J.—dismiss indictment.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.