■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL QUINN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered December 10, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of robbery in the first degree to petit larceny and vacating the sentence imposed; as so modified, the judgment is affirmed.

Following a jury trial, the defendant and his codefendant Keith Wilson were convicted of robbery in the first degree in connection with the alleged robbery of an undercover police officer during a purported drug transaction. At the trial, the undercover officer testified that during the course of a so-called "buy and bust" operation, she gave the defendant $10 for a "dime" quantity of crack cocaine as they were walking on the street toward a building located in Brooklyn. As she waited in the lobby of the building, the defendant went upstairs, appearing to be on his way to get the drugs, and the codefendant Wilson entered the lobby. After five or ten minutes, the defendant returned to the lobby but without the drugs. When the undercover officer asked for her money back, the codefendant Wilson grabbed her and pushed her up against the wall while the defendant held a razor up to her neck and said, "I'll cut your throat out". At that point, the backup team rushed in and arrested the defendant and the codefendant. The defendant did not have the money in his possession, and it was never recovered. On this appeal, the defendant argues that the evidence adduced at the trial was legally insufficient to establish his guilt of robbery in the first degree on the ground that there was no use of force exercised in connection with the defendant's retention of the undercover officer's money. We agree.

Penal Law § 160.00 defines robbery, in part, as follows:

"Robbery is a forcible stealing. A person forcibly steals property and commits robbery when, in the course of commit-

ting a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of * * *

"1. [p]reventing or overcoming resistance * * * to the retention thereof immediately after the taking".

In order to convict the defendant of robbery in this case, the People were required to produce "evidence that, in using or threatening physical force, defendant's 'conscious objective' was either to compel his victim to deliver up property or to prevent or overcome resistance to the taking" *(People v Smith,* 79 NY2d 309, 315). Here, there was no use of force in the initial taking of the undercover officer's money nor, in view of the timing and sequence of events herein, can it be said that force was used to overcome her resistance to the retention of the money "immediately after the taking".

Where there is insufficient evidence to establish the defendant's guilt of the crime of which he has been convicted, this Court has the authority to modify the judgment of conviction by reducing it to a conviction for a lesser included offense for which there is legally sufficient evidence (CPL 470.15 [2] [a]; *People v Washington,* 155 AD2d 634). Accordingly, the defendant's conviction for robbery in the first degree is reduced to petit larceny *(see,* Penal Law § 155.25). There is no need to remit for resentencing since the defendant has already served the maximum time to which he could have been sentenced on the petit larceny conviction *(see,* Penal Law § 70.15 [1]; *People v Oliphant,* 127 AD2d 802).

In light of our determination, we need not reach the defendant's contention that the trial court erred in refusing to charge petit larceny as a lesser included offense. We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.