■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MIGUEL DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered December 5, 1990, convicting him of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (three counts), and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

With regard to his conviction for criminal possession of a controlled substance in the third degree, the defendant contends that the People failed to prove his intent to sell the heroin found in his possession. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. On June 15, 1989, a police officer observed the defendant approach an individual on the street and saw him exchange a glassine envelope for money. Although that envelope did not contain a controlled substance, the defendant was found with seven glassine envelopes on his person when he was arrested, and those envelopes contained heroin. Taken together, these facts were sufficient to establish that the defendant intended to sell the heroin in his possession. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that the trial court erred in denying his request for an adverse inference charge, claiming that the individuals who allegedly purchased heroin from him were missing witnesses. It is well settled that the mere failure of a party to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge *(see, People v Kitching,* 78 NY2d 532, 536; *People v Gonzalez,* 68 NY2d 424). Rather, it must be shown that the uncalled witness was knowledgeable about a material issue upon which evidence is already in the case and that the witness would naturally be expected to provide testimony favorable to the party who has not called him *(see, People v Gonzalez, supra,* at 427). At bar, there is no evidence in the record to demonstrate that the uncalled witnesses were so disposed that they would naturally be expected to testify favorably to the People *(see, People v Garcia,* 172 AD2d 770; *People v Miller,* 154 AD2d 717).

There is no merit to the defendant's claim that he was

penalized for exercising his right to a trial and for not presenting a defense. The sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant (see, People v Diaz, 131 AD2d 775). Moreover, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.