■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL WARD, Appellant. [595 NYS2d 224] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 7, 1991, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of a series of observations by a police officer who sat at an observation point with binoculars, watched a series of drug transactions at a targeted location, and radioed his findings to a field team. The officer observed the defendant standing on an opposite street corner from another individual, the codefendant, who, over a short period of time, sold cocaine to at least three individuals. Immediately following each sale, the defendant was seen walking across the street, engaging in hand-to-hand contact with the codefendant, and walking back to his location across the street. On at least one occasion, the defendant was observed taking money from the codefendant.

The defendant contends that the evidence adduced at the trial was legally insufficient to establish his guilt beyond a reasonable doubt. Since the defendant did not properly raise this argument before the Supreme Court, it is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, the evidence adduced at trial, when viewed in the light most favorable to the People, was legally sufficient to establish his guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). The People established that the defendant possessed the mental culpability necessary to commit the crimes charged, and that, in furtherance thereof, the defendant intentionally aided the principal in the commission of the drug sales (see, Penal Law § 20.00; People v La

*Belle,* 18 NY2d 405; *People v Johnson,* 142 AD2d 952). Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gruttola,* 43 NY2d 116; *People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the sentence imposed on the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.