■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CLARKE, Appellant. [600 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Golia, J.), rendered June 12, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of a series of observations by an undercover officer who sat at an observation post with binoculars, watched a series of transactions at a targeted location, and radioed his findings to a field team. Within the time span of 20 minutes the officer observed the defendant receive currency from about four or five passersby and hand this currency to the codefendant Louie Ranking. On the last sale, with which the defendant was charged, the officer observed Ranking enter a nearby bodega, retrieve several vials from a bag located on the store's shelf, and hand those vials to the codefendant Gregory Moore who in turn handed them to a customer. This last customer was pursued and apprehended, and three vials of crack cocaine were recovered.

The defendant has failed to preserve for appellate review his contention that the evidence adduced at the trial was legally insufficient to establish that he possessed the mental culpability necessary to commit the crime charged, and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal (see, People v Logan, 74 NY2d 859; People v Bynum, 70 NY2d 858). In any event, the evidence adduced at trial, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620), was legally sufficient to establish his guilt beyond a reasonable doubt. The defendant's actions in receiving money from the customers and passing it to a codefendant established the defendant's intent to aid the principal in the commission of the drug sale (see, Penal Law § 20.00; People v Kaplan, 76 NY2d 140, 146-147; People v Ward, 191 AD2d 661; People v Wylie, 180 AD2d 774; People v Baker, 176 AD2d 153). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that the sentence imposed by the court impermissibly penalized him for exercising his right to go to trial is unsupported by the record (see, People v Pena, 50 NY2d 400, cert denied 449 US 1087; People v Nelson, 179 AD2d 784). While the challenged sentence is greater than that offered to the defendant in return for a plea of guilty to a lesser offense, it is firmly established that sentences imposed

after trial may be more severe than those proposed in connection with a plea bargain *(see, People v Nelson, supra; People v Norfleet,* 146 AD2d 812, 813). Moreover, we conclude that the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.