■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant. [607 NYS2d 97] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered May 12, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of robbery in the second degree to robbery in the third degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that it was legally insufficient to establish the defendant's guilt of robbery in the second degree. The complainant testified that the defendant approached her after she entered her car, pushed her face into the steering wheel, and held her head down as he took her pocketbook from the car. As a result of the incident, the complaint's nose was scraped. Although there was some bleeding from the scraped area of her skin, the complainant wiped her nose and did not seek medical attention. She incurred no

other injuries and did not testify that she experienced any pain. This testimony failed to prove the existence of physical injury as defined in Penal Law § 10.00 (9). The evidence established, however, that the defendant forcibly stole property from the complainant. Therefore, the defendant's conviction of robbery in the second degree is modified by reducing the conviction to robbery in the third degree (see, Penal Law § 160.05; see also, CPL 470.15 [2]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.