■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MOLINA, Also Known as ALBERT LOPEZ, Appellant. [620 NYS2d 272] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered November 16, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced by the People was legally insufficient to establish his identity as the fatal shooter is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Johnson, 185 AD2d 247; see also, People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN OVERTON, Appellant. [620 NYS2d 273] —Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Feldman, J.), imposed March 2, 1993, upon his conviction of murder in the second degree, upon a jury verdict.

Ordered that the sentence is affirmed.

There is absolutely no evidence in the record supporting the defendant's contention that he was impermissibly penalized for exercising his right to a trial (see, People v Pena, 50 NY2d 400). It is firmly established that sentences imposed after a trial may be more severe than those offered in exchange for a guilty plea (see, People v Clarke, 195 AD2d 569, 571). Here, the record establishes that the court considered the sentencing principles appropriate to the individual case, and that vindictiveness and retaliation played no role in the term of incarceration that was imposed (see, People v Patterson, 106 AD2d 520, 521). Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.