OPINION OF THE COURT
Muriel Hubsher, J.
The defendant is charged with petit larceny (Penal Law § 155.25) arising out of a "buy and bust” operation in which the undercover officer allegedly gave the defendant United *106 States currency and the defendant fled without providing the officer with the agreed upon crack cocaine. The defendant moves to dismiss the information for facial insufficiency. (CPL 170.30 [1] [a]; 170.35.)
The defendant contends that he cannot be charged with the crime of petit larceny. He argues that he did not wrongfully take the United States currency but rather was given the money in the hopes of his entering into an illegal contract, which is void and unenforceable as a matter of public policy, negating the People’s ability to charge him with a crime.
The factual portion of the information alleges that on September 15, 1995, at approximately 8:55 p.m. at 4th Avenue and Pacific Street in the County of Kings:
"The deponent [Officer Donald Mulham] is informed by an undercover officer known to him that, at the above time and place, the defendant did engage informant in a drug related conversation whereupon defendant agreed to sell informant a quantity of crack cocaine in exchange for a sum of U.S. currency.
"Deponent further states that informant gave defendant a sum of U.S. currency, whereupon defendant took informant’s currency and left.
"Defendant is further informed by informant that informant is the custodian of said U.S. currency and that defendant did not have permission or authority to take said sum.”
Section 155.25 of the Penal Law states that "[a] person is guilty of petit larceny when he steals property”. Section 155.05 (1) of the Penal Law provides that "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof’.
In the instant matter it is alleged that the defendant and an undercover police officer discussed the purchase of crack cocaine. The officer gave cash to the defendant to buy the drugs whereupon the defendant absconded with the money.
There is no question that the defendant exercised dominion and control over the money in a manner wholly inconsistent with the owner’s rights (see, People v Jennings, 69 NY2d 103 [1986]), thereby complying with the "taking” element of petit larceny. (See also, People v Stringfellow, 176 AD2d 447 [1991].)
The only question raised by the defendant concerns the nature of the contemplated sale. The transaction was one in *107 which an undercover police officer sought to purchase drugs from a person he believed to be a seller of the illegal substance, a frequent incident in our city. It is the method by which drug dealers and users are apprehended. It is defendant’s position that because he ran off without providing the drugs he can keep the money given him on the grounds that from its inception the whole thing was illegal. The court finds this reasoning to be ludicrous.
Defendant is misguided in his interpretation of the relevant law in the matter of drug sales. The cases he cites, Matter of Paul (146 Misc 2d 379 [1990]) and Woodworth v Bennett (43 NY 273, 276 [1871]), dealing with adoption and civil contract law, while interesting, are nevertheless off the mark and are inapplicable. The single relevant case cited, People v Quinn (186 AD2d 691 [1992]), does not focus as suggested by defendant on whether or not the police officer demanded return of the drug money. Rather, the case establishes the applicable law when a "buy and bust” drug operation is not consummated.
In Quinn (supra), an undercover police officer engaged in a "buy and bust” transaction gave the defendant $10 for a quantity of crack cocaine. The defendant who entered a building, apparently to get the drugs, returned a few minutes later without drugs. When the undercover asked for the money back the defendant put a knife to the undercover’s throat and threatened to cut her.
The defendant’s conviction of robbery in the first degree was modified by the Appellate Division reducing it to petit larceny. The Court found that robbery was not chargeable because "there was no use of force in the initial taking of the undercover officer’s money”, force being a necessary element in that crime. (People v Quinn, supra, at 692 [emphasis supplied].) On the other hand, in reducing the conviction to petit larceny, the Court found there was legally sufficient evidence to support a conviction for petit larceny.
It is thus patently clear that the acceptance of money by the defendant in exchange for something he knowingly fails to provide constitutes a "taking” within the meaning of the petit larceny statute.
Defendant’s additional argument that the buyer must formally demand return of his money evolves from civil contract law concepts. Defendant is talking apples and oranges. Under the present Penal Law, the crime of petit larceny is complete when a person takes, obtains or withholds property belonging to another with the intent to deprive the owner of his property. (See, Penal Law §§ 155.25, 155.05 [1].)
*108 It is obvious that the alleged facts in the instant case, if true, support each and every element of the crime, making out a prima facie case of petit larceny (Penal Law § 155.25) as charged. (See, CPL 100.15, 100.40; People v Alejandro, 70 NY2d 133 [1987].)
Accordingly, the defendant’s motion to dismiss must be denied and the matter continued for trial.