■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARDALE WOODS, Appellant. [660 NYS2d 764] —Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence is legally insufficient to support his conviction of robbery in the first degree as an accomplice. We disagree. "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Johnson,* 142 AD2d 952, *lv denied* 72 NY2d 1046; *see, People v Flagg,* 180 AD2d 813). Viewed in the light most favorable to the People (*see, People v Williams,* 84 NY2d 925, 926), the evidence establishes that defendant intentionally aided the principals in their commission of the crime (*see, People v Jackson,* 44 NY2d 935). We further conclude that the verdict is supported by the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Supreme Court properly denied defendant's request for a missing witness charge. Although defendant met his initial burden of showing that the witness was knowledgeable about a material issue and would be expected to testify favorably to the People (*see, People v Gonzalez,* 68 NY2d 424, 427), the People established that the witness, who was on military duty in Wisconsin at the time of trial, was unavailable to them (*see, People v Gonzalez, supra,* at 428; *People v Skaar,* 225 AD2d 824, *lv denied* 88 NY2d 854). The court also properly denied the request of defendant for a charge concerning the voluntariness of a statement he made to the arresting officer about cocaine found in the car that he was driving. "Because defendant failed, during the trial, to raise a factual dispute by adducing evidence or otherwise contending that the statement was involuntarily made, the trial court was not required to submit the issue to the jury" (*People v Conway,* 186 AD2d 1050,

*lv denied* 81 NY2d 761; *see, People v Betances,* 165 AD2d 754, *lv denied* 76 NY2d 1019; *cf., People v Holder,* 214 AD2d 682).

We reject the further contention of defendant that the court should have granted his motion to suppress showup identification evidence. Defendant was identified at the crime scene by the store clerk approximately one hour and 20 minutes after the robbery. Under the circumstances, the identification procedure was not improper (*see, People v Ortiz,* 232 AD2d 180; *People v Wells,* 221 AD2d 281, *lv denied* 87 NY2d 978; *People v Maybell,* 198 AD2d 108, *lv denied* 82 NY2d 927).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.