■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO CANCEL, Appellant. [698 NYS2d 523] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered April 11, 1997, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was penalized for going to trial rather than accepting a plea agreement, is unpreserved for appellate review, having never been raised before the sentencing court (*see, People v Giordano,* 87 NY2d 441; *People v Hurley,* 75 NY2d 887). In any event, it is firmly established that a sentence imposed after trial may be more severe than that proposed in connection with a plea (*see, People v Clarke,*

195 AD2d 569, 570-571; *People v Nelson,* 179 AD2d 784, 786). Here, the sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations *(see, People v Diaz,* 190 AD2d 685, 687).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.