■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JONES, Appellant. [706 NYS2d 337] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Eng, J.), rendered May 15, 1997, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the fourth degree under Indictment No. 148/95, upon a jury verdict, and imposing sentence, and (2) a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 21, 1998, convicting him of attempted murder in the first degree (two counts), also under Indictment No. 148/95, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

With respect to the judgment rendered April 21, 1998, the defendant's contention that he was penalized for going to trial rather than accepting a plea agreement is unpreserved for appellate review (*see, People v Cancel,* 266 AD2d 306).

In any event, a sentence imposed after trial may be more severe than a sentence proposed in connection with a plea (*see, People v Clarke,* 195 AD2d 569, 570-571; *People v Nelson,* 179 AD2d 784, 786). Here, the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than the sentence which was offered during plea negotiations (*see, People v Cancel, supra*; *People v Diaz,* 190 AD2d 685, 687).

We note that the defendant raises no issues regarding the appeal from the judgment rendered May 15, 1997. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.