■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL BRIGGS, Appellant. [728 NYS2d 763] —Motion by the appellant for reargument of an appeal from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered September 22, 1993, which was determined by decision and order of this Court dated October 30, 1995.

Upon the papers filed in support of the motion and the papers filed in opposition and relation thereto, it is

Ordered that the motion is granted, and, upon reargument, the decision and order of this Court dated October 30, 1995, in the above-entitled case (*People v Briggs,* 220 AD2d 762) is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered September 22, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. Justice Krausman has been substituted for former Justice Joy (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to prove

his identification beyond a reasonable doubt is without merit. The identification issue presented questions of the credibility of the complainant and the defendant's witnesses. Resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]). The complainant's single error in recalling the date of one of his previous encounters with the defendant does not diminish the otherwise strong identification evidence.

However, we agree with the defendant's contention that the People failed to present legally sufficient evidence of physical injury to sustain his conviction of robbery in the second degree (*see,* Penal Law § 160.10 [2] [a]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although the question of whether physical injury has been established is for the jury to decide, "there is an objective level * * * below which the question is one of law" (*Matter of Philip A.,* 49 NY2d 198, 200; *see, People v Jones,* 196 AD2d 889).

In this case, the evidence indicates that the defendant punched the complainant in the right side of the face and that the complainant's right shoulder and throat hurt from his struggle with the defendant. The complainant, who did not seek medical assistance, treated his aches and pain, with ice, Tylenol, and iodine, and stayed home from work for three or four days. Without further evidence of the extent of the complainant's injuries or that the complainant was in substantial pain, the evidence that was adduced at trial is legally insufficient to support the defendant's conviction of robbery in the second degree.

There is no merit to the defendant's contention that reversal of his conviction is warranted because court officers accompanied him to the side-bar conferences during jury selection (*see, People v Antommarchi,* 80 NY2d 247). In accommodating the defendant's right to be present at side-bar conferences, the trial court must balance the defendant's right with its duty to maintain an orderly and secure courtroom (*see,* 22 NYCRR 700.5 [a], [d]). Assigning court officers to accompany the defendant at side-bar conferences is an acceptable method of balanc-

ing those two interests (*see, People v Cousart,* 217 AD2d 556; *People v Moton,* 215 AD2d 781).

The defendant's sentence is not excessive (*see, People v Jackson,* 208 AD2d 862; *People v Suitte,* 90 AD2d 80). Bracken, P. J., Santucci, Krausman and Friedmann, JJ., concur.