■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETSY RAMOS, Appellant. [731 NYS2d 50] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 22, 1999, convicting her of manslaughter in the second degree, assault in the second degree, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of May 26, 1998, Police Officers Anthony Mosomillo and Miriam Torres went to the defendant's apartment to execute a bench warrant for the arrest of her boyfriend, Joseph Serrano. In her efforts to convince the police officers that Serrano was not in the apartment, the defendant told them that she was on parole for smuggling drugs and that his presence would violate the terms of her Federal probation. A few minutes later, the officers discovered Serrano hiding under a floorboard in the bedroom closet. A struggle ensued, during which Serrano grabbed a .38 caliber revolver from Officer Torres' holster and exchanged gunfire with Officer Moso-

millo, resulting in the death of both men. According to Officer Torres, the defendant helped Serrano pull the gun from her holster and prevented the officers from handcuffing him during the struggle.

Contrary to the defendant's contention, the testimony of Officer Torres regarding her parole status was properly admitted to complete the narrative of the events leading up to the crimes charged (*see, People v DeJesus,* 272 AD2d 61; *People v Robinson,* 200 AD2d 693; *People v DeLeon,* 177 AD2d 641).

The defendant failed to preserve for appellate review her claim that the sentence enhancement provisions for discretionary persistent felony offenders set forth in Penal Law § 70.10 and CPL 400.20 violate the State and Federal constitutions (*see, People v Rosen,* 96 NY2d 329). Nor did she preserve her claim that the Supreme Court failed to satisfy the procedural requirements outlined in CPL 400.20 (3) and (4) for conducting a persistent felony offender hearing (*see, People v Oliver,* 63 NY2d 973; *People v Hernandez,* 273 AD2d 176). The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.