■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CHAPERO, Appellant. [805 NYS2d 596]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 20, 2003, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the second degree under the second count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Without sufficient evidence of the extent of the complainant's injuries or that the complainant was in substantial pain, the evidence adduced at trial was legally insufficient to support the defendant's conviction of robbery in the second degree under the second count of the indictment (see Penal Law § 160.10 [2] [a]; Matter of Philip A., 49 NY2d 198, 200 [1980]; People v Briggs, 285 AD2d 651, 652 [2001]).

The defendant's contention that his sentence was enhanced for exercising his right to trial rather than accepting a plea agreement is unpreserved for appellate review (see People v Giordano, 87 NY2d 441, 452 [1995]; People v Hurley, 75 NY2d 887, 888 [1990]; People v Cancel, 266 AD2d 306 [1999]). In any event, a sentence imposed after trial may be more severe than a promised sentence in connection with a plea agreement (see People v Pena, 50 NY2d 400, 412 [1980], cert denied 449 US 1087 [1981]; People v Clarke, 195 AD2d 569, 570-571 [1993]; People v Nelson, 179 AD2d 784, 786 [1992]). Here, the sentencing minutes indicate that the court relied upon the appropriate factors in imposing a greater sentence than was offered during plea negotiations (see People v Cancel, supra at 307). Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.