■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN PIERROT, Appellant. [817 NYS2d 524]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered December 1, 2003, convicting him of robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of robbery in the second degree under count two of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant that the People failed to present legally sufficient evidence of physical injury to sustain his conviction of robbery in the second degree under count two of the indictment (*see* Penal Law § 160.10 [2] [a]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although the question of whether physical injury has been established is generally for the jury to decide, "there is an objective level . . . below which the question is one of law" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]). In this case, the evidence was legally insufficient to establish that the complainant sustained physical injury (*see People v Almonte*, 23 AD3d 392 [2005], *lv denied* 6 NY3d 831 [2006]; *People v Chapero*, 23 AD3d 492 [2005], *lv denied* 6 NY3d 846 [2006]; *People v Briggs*, 285 AD2d 651 [2001]; *People v Goins*, 129 AD2d 733 [1987]).

The People's contention that, upon the dismissal of the count of robbery in the second degree, the sentence imposed on the conviction of robbery in the third degree should be vacated and the matter remitted to the Supreme Court for a determination as to whether the defendant should be adjudicated a discretionary persistent felony offender is without merit (*see* CPL 430.10). Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.