THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD PHILLIPS, Appellant. [892 NYS2d 157]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence presented at the first trial was legally sufficient to establish the defendant's guilt on the charge of robbery in the

first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

However, we find that, even when viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), the evidence was legally insufficient to establish the defendant's guilt on the charge of criminal possession of a stolen property in the fifth degree (*see* Penal Law § 165.40). There was no legally sufficient proof from which the jury could have determined beyond a reasonable doubt that any of the personal property found in the defendant's possession was owned by the complainant Michelle Bottoms, as charged under count 24 of the indictment. Accordingly, the conviction of criminal possession of stolen property in the fifth degree and the sentence imposed thereon must be vacated, and that count of the indictment must be dismissed as to the defendant.

Viewing the evidence in the light most favorable to the prosecution, we also find that the evidence presented at the second trial was not legally sufficient to establish that the complainant Clarence Washington sustained a "physical injury" within the meaning of Penal Law § 10.00 (9). The term "physical injury" means "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, there was neither sufficient evidence of the extent of Washington's injuries, nor sufficient evidence from which a jury could infer that he suffered substantial pain (*see People v Pierrot,* 31 AD3d 582 [2006]; *People v Chapero,* 23 AD3d 492 [2005]; *People v Almonte,* 23 AD3d 392, 393-394 [2005]; *People v Briggs,* 285 AD2d 651, 652 [2001]; *People v Holden,* 148 AD2d 635 [1989]; *People v Francis,* 112 AD2d 167 [1985]). Accordingly, the defendant's convictions for burglary in the first degree (*see* Penal Law § 140.30 [2]) and robbery in the second degree (*see* Penal Law § 160.10 [2] [a]), and the sentences imposed thereon, must be vacated, and counts 2 and 17 of the indictment must be dismissed as to the defendant.

The defendant's contention that the jury verdict in the first trial was repugnant is partially unpreserved for appellate review. The defendant timely made his position known that the jury verdict convicting him of robbery in the first degree and acquitting him of the counts of criminal possession of a weapon in the second and third degree was repugnant by raising the issue before the jury was discharged, thereby preserving this contention for appeal. However, the defendant never raised, before the trial court, his contention that the jury verdict convicting him of robbery in the first degree and acquitting him and his

codefendants of robbery in the second degree was repugnant. Thus, that specific contention is unpreserved for our review (*see* CPL 470.05 [2]; *People v Alfaro,* 66 NY2d 985 [1985]; *People v Moses,* 36 AD3d 720 [2007]). As to the preserved contention, we find that the jury verdict was not repugnant (*see People v Mabry,* 288 AD2d 326 [2001]; *People v Castillo,* 260 AD2d 643 [1999]; *People v Williams,* 255 AD2d 408 [1998]; *People v Brown,* 224 AD2d 226 [1996]; *People v Whitmore,* 123 AD2d 336, 337 [1986]; *People v Ellis,* 120 AD2d 743 [1986]).

Further, contrary to the defendant's contention, the Supreme Court did not violate his Sixth Amendment right to confrontation at either trial by admitting into evidence the recorded 911 calls in which a nontestifying complainant sought help in an ongoing emergency situation (*see Davis v Washington,* 547 US 813, 821-829 [2006]; *People v Ward,* 57 AD3d 582, 583 [2008]; *People v Conyers,* 33 AD3d 929, 930 [2006]; *People v Marino,* 21 AD3d 430 [2005], *cert denied* 548 US 908 [2006]).

The defendant's contention that the sentencing courts failed to follow the procedural mandates of CPL 400.20 (3) and (4) is unpreserved for appellate review (*see People v Proctor,* 79 NY2d 992 [1992]; *People v Oliver,* 63 NY2d 973 [1984]; *People v Ramos,* 287 AD2d 471 [2001]), as is his contention that the imposition of consecutive terms of imprisonment violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) (*see People v Black,* 23 AD3d 490 [2005]; *People v Highsmith,* 21 AD3d 1037, 1038 [2005]).

The defendant's remaining contentions are either without merit or academic in light of our determination. Skelos, J.P., Eng, Belen and Austin, JJ., concur.