■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY FLORA, Appellant. [920 NYS2d 679]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered January 31, 2008, convicting him of burglary in the first degree and robbery in the second degree, upon a jury verdict, after a retrial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the convictions of burglary in the first degree and robbery in the second degree under counts two and seventeen of the indictment, respectively, and the sentences imposed thereon are vacated, those counts of the indictment are dismissed as against the defendant Rodney Flora, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

As this Court previously concluded on the appeal of one of the codefendants (*see People v Phillips*, 68 AD3d 1137 [2009]), viewing the evidence in the light most favorable to the prosecution, the evidence presented at trial was not legally sufficient to establish that the complainant, Clarence Washington, sustained a "physical injury" within the meaning of Penal Law § 10.00 (9), as "there was neither sufficient evidence of the extent of Washington's injuries, nor sufficient evidence from which a jury

could infer that he suffered substantial pain" (*People v Phillips*, 68 AD3d at 1138; *see People v Pierrot*, 31 AD3d 582 [2006]; *People v Chapero*, 23 AD3d 492, 493 [2005]; *People v Almonte*, 23 AD3d 392, 393-394 [2005]; *People v Briggs*, 285 AD2d 651, 652 [2001]; *People v Holden*, 148 AD2d 635 [1989]; *People v Francis*, 112 AD2d 167, 168 [1985]). Accordingly, the defendant's convictions of burglary in the first degree (*see* Penal Law § 140.30 [2]) and robbery in the second degree (*see* Penal Law § 160.10 [2] [a]), and the sentences imposed thereon, must be vacated, and counts two and seventeen of the indictment must be dismissed as to the defendant.

The defendant's remaining contentions have been rendered academic in light of our determination. Covello, J.P., Eng, Hall and Roman, JJ., concur.