People v Crawford (2018 NY Slip Op 00945)





People v Crawford


2018 NY Slip Op 00945


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1482 KA 14-01983

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL F. CRAWFORD, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (ZACHARY S. MAURER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered September 25, 2014. The judgment convicted defendant, upon a jury verdict, of arson in the third degree, attempted insurance fraud in the fifth degree, conspiracy in the fifth degree, and arson in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]), attempted insurance fraud in the fifth degree (§§ 110.00, 176.10), conspiracy in the fifth degree (§ 105.05 [1]), and two counts of arson in the fourth degree (§ 150.05 [1]), based on evidence that he conspired with others to set fire to his vacant rental property in order to collect insurance money. The fire destroyed defendant's property and caused damage to two neighboring properties. Contrary to defendant's contention, we conclude that County Court properly refused to suppress his statements to the police. The People proved beyond a reasonable doubt that the statements were not products of coercion, but rather were the "result of a free and unconstrained choice' " by defendant (People v Thomas, 22 NY3d 629, 641 [2014]; see People v Buchanan, 136 AD3d 1293, 1293-1294 [4th Dept 2016], lv denied 27 NY3d 1129 [2016]).
Contrary to defendant's further contention, the trial testimony regarding his parole status was properly admitted in evidence to complete the narrative of the events leading up to the charged crimes (see People v Ramos, 287 AD2d 471, 472 [2d Dept 2001], lv denied 97 NY2d 657 [2001]). Although we agree with defendant that the court abused its discretion in precluding defendant from cross-examining a prosecution witness concerning that witness's alleged prior threat to burn down another person's house (see generally People v Smith, 27 NY3d 652, 668 [2016]), we conclude that the error is harmless because the evidence of defendant's guilt, including his videotaped confession, is overwhelming and there is no significant probability that defendant otherwise would have been acquitted (see People v Morales, 25 AD3d 624, 625 [2d Dept 2006], lv denied 6 NY3d 815 [2006]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct during the cross-examination of defendant and on summation is not preserved for our review (see People v Brown, 120 AD3d 1545, 1545 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention with respect to the court's alleged violation of his right to due process in imposing the maximum sentence is patently without merit. Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court