■      THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID OUTLER, Appellant.— Judgment of the Supreme Court, Kings County, rendered June 9, 1967, convicting defendant of violation of the Public Health Law with respect to narcotic drugs as a felony, upon a jury verdict, and imposing sentence, reversed, on the law, and new trial ordered. The findings of fact below are affirmed. In our opinion the testimony adduced in this narcotics prosecution from the People's chief witness, a narcotics detective, that defendant was previously known to him from "a similar occasion" was severely prejudicial and buttressed a prior implication that the detective previously knew defendant due to defendant's former involvement with illegal trafficking of narcotics. Moreover, the court also erred in permitting hearsay testimony of the substance of a conversation between this detective and a fugitive accomplice wherein the accomplice had implicated defendant in the crime. The error was compounded when there was no instruction by the trial court to the jury that the admissions of the accomplice did not bind defendant (see *People* v. *Robinson*, 28 A D 2d 916). Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■      THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR LOUIS TREMERE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 10, 1967, convicting him of grand larceny in the second degree, upon a jury verdict, and sentencing him to the New York City Penitentiary for an indefinite period. Judgment modified, on the law and the facts, by reducing the conviction of grand larceny in the second degree to petit larceny and by reducing the sentence to the time served. As so modified, judgment affirmed. In our opinion, there was absolutely no proof that the stolen article had a market value of more than $100 (see Penal Law [1909], § 1305; *People* v. *Harold*, 22 N Y 2d 443; *People* v. *Irrizari*, 5 N Y 2d 142). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.