■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARIN, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J.), rendered December 18, 1987, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him to concurrent 4½-to-9-year indeterminate sentences, is unanimously affirmed.

The trial court did not abuse its discretion in allowing testimony at trial with respect to an earlier uncharged drug sale. As a general rule, New York's courts exclude proof tending to establish crimes other than those upon which defendant has been indicted. However, evidence of prior uncharged crimes may be received if it helps to establish some element of the crime under consideration or is relevant because, as here, it falls within the recognized "intent" exception to the *Molineux* rule. *(People v Alvino,* 71 NY2d 233, 245 [1987].) In the case herein Officer Dade's testimony was admissible to prove defendant's intent on the possession count. Furthermore, any prejudice to defendant was reduced by the court's limiting instruction on the use of Dade's testimony, charging that the evidence was admitted solely with regard to the possession and not to the sale charge.

Defendant's other claims of error based upon the court's instructions concerning reasonable doubt, lesser included offenses and unfair marshaling of the evidence have not been preserved for review. In any event, these claims are meritless. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.