■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK A. LEGER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered October 7, 1988, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

---

The principal issue raised by defendant on appeal is that the proof of his possession of cocaine was insufficient as a matter of law to sustain the conviction. The evidence of defendant's possession consisted of the testimony of a City of Schenectady police officer. He testified that at about 4:55 A.M. on November 8, 1987 he was parked in a patrol car in the entrance to a public parking lot on Crane Street in the City of Schenectady, Schenectady County. He observed a person whom he later identified as defendant leave a tavern directly across the street and then "go into his jacket pocket, take something out of it, and place it under a large piece of concrete about a foot long * * * and walk east on Crane Street". The officer then drove his patrol car across the street to the location of his observations of defendant, raised the piece of concrete and found two small envelope-like packets of folded magazine paper, each containing a white substance subsequently established to be cocaine.

Defendant argues that the foregoing evidence of his possession of the cocaine was purely circumstantial and was insufficient to satisfy the standard of proof in such a case, excluding to a moral certainty every reasonable hypothesis of innocence (see, People v Barnes, 50 NY2d 375, 380). We disagree. The officer testified that defendant was about 60 feet from him when he made his observations and that defendant was well illuminated by a light pole in front of the tavern he exited. The officer further testified that he had the location of the piece of concrete continuously in his sight except for a glance in his side mirror for a second or two when he parked to retrieve what was placed under it, that no one else disturbed the piece of concrete in the interval and that there was nothing else under the concrete except the two packets of cocaine. We, of course, are required to view the foregoing evidence in the light most favorable to the People and assume that the jury credited the officer's testimony (see, People v Kennedy, 47 NY2d 196, 203). Thus, for purposes of determining the legal sufficiency of the evidence, the testimony of defendant and his witnesses tending to contradict the officer's version of defendant's actions, or defendant's contention that the area in question was well known for high drug-trafficking activity, is irrelevant (see, People v Ford, 66 NY2d 428, 439; People v Kennedy, supra, at 201).

The officer's description, if believed, excluded the only two possible hypotheses of defendant's innocence, i.e., that the cocaine was placed under the piece of concrete before he placed something else under it, or that someone else placed

the cocaine under it after the officer made his observations of him. Thus, the inference that defendant was responsible for the packets of drugs under the piece of concrete was based directly on the unequivocal evidence from the officer, and not "on unsupported assumptions drawn from evidence equivocal at best" *(People v Kennedy, supra,* at 202), and was sufficient to and did establish defendant's guilt beyond a reasonable doubt.

We have considered defendant's remaining points, including his claim that the sentence was excessive, and find them also unpersuasive.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.