██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON YATES, Also Known as MILTON PRATT, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 23, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to a fair trial by the trial court's failure to give a limiting instruction to the jury with regard to the People's use of his prior crimes was not preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, we are not inclined to exercise our authority to reverse in the interest of justice because the facts adduced at trial indicate that the error, if any, was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Rosado,* 79 AD2d 666).

We also reject the defendant's contention raised in his supplemental *pro se* brief that the police lacked probable cause to arrest him. The undercover officer transmitted to her backup team a sufficiently detailed description of the perpetrators of a drug sale to provide probable cause to believe that the defendant, who fit the description and was found by the arresting officer at the scene of the crime within minutes of the transaction, was one of the individuals who committed the crime *(see, People v Petralia,* 62 NY2d 47, 51-52; *People v Williams,* 146 AD2d 724; *People v Ortiz,* 143 AD2d 850).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.