THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ARZON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered November 2, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to a fair trial by the trial court's failure to give a limiting instruction to the jury with regard to the People's use of his prior crimes is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Yates,* 160 AD2d 1036). We decline to exercise our interest of justice discretion in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Yates, supra).*

Contrary to the defendant's contention, we find that he was not denied a fair trial by prosecutorial misconduct during the People's summation. After the defendant objected to the prosecutor's allegedly improper comment, the court gave the jury a curative instruction. Since the defendant failed to request any further ameliorative action, "it must be assumed that any defect was cured to the defense counsel's satisfaction" *(People v Shaw,* 150 AD2d 626, 627, citing *People v Medina,* 53 NY2d 951, 953; *see also,* CPL 470.05 [2]). In any event, the prosecutor's remarks were fair comment on the evidence *(see, People v Pugliese,* 131 AD2d 789, 790; *People v Brown,* 124 AD2d 667, 668). Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.