THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN SANTIAGO, Appellant.

On the evening of August 10, 1987, the defendant sold two glassine envelopes containing heroin to an undercover officer involved in a so-called "buy and bust" operation in the Sunset Park section of Brooklyn. At trial, the prosecutor asked one of the undercover officers involved in the operation whether he knew the defendant, and the officer replied that he did. On appeal, the defendant asserts that this testimony deprived him of a fair trial because it suggested to the jury that he had a propensity to sell narcotics. However, the record discloses that after the officer responded to this question, the defendant objected, and following a brief colloquy, the court instructed the jury to disregard the question and answer. Since the defendant did not request additional curative instructions or seek a mistrial, the trial court must be deemed to have cured any possible prejudice to the defendant's satisfaction, and no claim of error is preserved for appellate review (see, People v Medina, 53 NY2d 951; People v Arzon, 174 AD2d 684; People v Jalah, 107 AD2d 762). In any event, contrary to the defen-

dant's contention, neither the stricken question and answer nor the court's ensuing instruction to the jury raised an inference that he had engaged in prior criminal activity *(cf., People v Outler,* 31 AD2d 639).

Further, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.