■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JULIEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered July 5, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court issued a pretrial *Sandoval* ruling permitting the prosecutor to inquire as to the existence of the defendant's prior conviction, but not as to the underlying facts of that conviction. However, after the defendant testified upon direct examination that he had sold drugs in the past, the prosecutor requested a modification of the *Sandoval* ruling. Subsequently, the trial court expanded its ruling and permitted the prosecutor to inquire as to whether the defendant had sold drugs on a certain date, but instructed the prosecutor not to connect the drug sale with the defendant's prior conviction. On cross-examination, the defendant, in response to the prosecutor's question of whether he had sold drugs on a certain date, blurted out: "That's when I was convicted before?" Additionally, the prosecutor asked the defendant if he had received pre-recorded purchase money during the drug sale.

We find the defendant's contention that the trial court erroneously modified its *Sandoval* ruling to be without merit. The defendant "opened the door" to the topic of his prior drug sale by his testimony on direct examination; thus, the trial court properly expanded its *Sandoval* ruling to permit the

prosecutor to inquire as to whether the defendant had sold drugs on a specific date *(see, People v Ballard,* 173 AD2d 480). Additionally, even though the prosecutor violated the *Sandoval* ruling during cross-examination by asking the defendant if he had received pre-recorded purchase money during a prior drug sale, a new trial is not required since there was overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Further, we find the defendant's contention that the trial court erred by failing to issue limiting instructions to be unpreserved for appellate review, since the defendant did not request such limiting instructions and did not object to the trial court's jury charge *(see, People v Yates,* 160 AD2d 1036; *People v Fana,* 142 AD2d 684; *People v Rosado,* 79 AD2d 666). Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.