■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR TORRES, Appellant. [623 NYS2d 641] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 22, 1993, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court committed reversible error when, in language that differed from the words of the statute, it instructed the jury on his failure to testify (CPL 300.10 [2]; *see, People v McLucas,* 15 NY2d 167; *People v Mannery,* 151 AD2d 697). However, although it is well established that the prudent and preferred course of conduct is to charge the language of CPL 300.10 (2) without elaboration *(see, e.g., People v Fehr,* 150 AD2d 601, *revd on other grounds* 75 NY2d 836), here, reversal is not warranted.

We note, that this argument has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). The defendant's perfunctory objection at the end of the jury charge (during which he requested neither curative instructions nor a mistrial) was insufficient to alert the court to the particular claim raised on appeal, as is evidenced by the court's response to the objection *(see, People v Barrett,* 166 AD2d 657; *People v Tucker,* 102 AD2d 535; *cf., People v Santiago,* 179 AD2d 830). In any event, were we to reach this argument in the interest of justice, we would hold that, in light of the overwhelming evidence of guilt, there was no reasonable possibility that the alleged error contributed to the defendant's conviction and that it was harmless beyond a reasonable doubt *(see, People v McPherson,* 182 AD2d 714; *People v Kimbrough,* 134 AD2d 618).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.