■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DAIS, Appellant. [635 NYS2d 859] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) for possessing a quantity of cocaine with intent to sell. Viewing the evidence, as we must, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that there is sufficient evidence to establish that defendant possessed the plastic baggie containing the smaller bags of cocaine that were found where defendant had been placed after the vehicle in which he was a passenger had been stopped *(see, People v Leger,* 157 AD2d 926, *lv denied* 75 NY2d 921). The evidence established that defendant possessed a similar plastic bag containing smaller bluish-greenish baggies the day before and earlier that same day when he sold cocaine to the informant. The evidence further established that defendant was lying down in "virgin snow" in the area immediately prior to the discovery of the baggie in the snow. Thus, the inference that the baggie found in the

snow was the same baggie defendant possessed when he sold cocaine to the informant was legally sufficient to establish his possession of cocaine *(see, People v Leger, supra).* In addition, the intent of defendant to sell the cocaine in his possession could be inferred from the fact that defendant had sold cocaine to the informant shortly before his arrest *(see, People v Diaz,* 190 AD2d 685, 686, *lv denied* 81 NY2d 969; *People v Gomez,* 149 AD2d 432, *lv denied* 74 NY2d 794). The evidence of the prior sale to the informant was legally admissible to establish the element of intent *(see, People v Alvino,* 71 NY2d 233, 245; *People v Marin,* 157 AD2d 521, *lv denied* 75 NY2d 968; *People v Taylor,* 141 AD2d 982). Furthermore, any potential prejudice to defendant was reduced by the court's limiting instruction on the use of the prior sale of cocaine to the informant *(see, People v Marin, supra).*

Defendant contends that he was deprived of a fair trial when the prosecutor asked several police officers whether they knew defendant "professionally" because such testimony would suggest that he had a criminal history. After the prosecutor asked the officers whether they knew defendant in a professional or social capacity and elicited the responses that the acquaintances were professional, defendant's attorney moved for a mistrial. The court denied the motion, but directed the prosecutor to refrain from asking such questions. We conclude that such questions and answers did not raise an inference that defendant had engaged in prior criminal activity *(see, People v Santiago,* 179 AD2d 830, *lv denied* 79 NY2d 1007). In any event, given the overwhelming evidence of defendant's guilt, the error, if any, was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.