■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VALDEZ, Appellant. [691 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered July 7, 1997, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence is legally insufficient to sustain his conviction of burglary in the third degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Howard,* 162 AD2d 408, 409). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Gilmore,* 199 AD2d 410, 411).

The trial court's deviation from CPL 300.10 (2) when it instructed the jury regarding the defendant's failure to testify did not constitute error. "The charge in substance was consistent with the intent of the statute, was not so lengthy as to

prejudicially draw the jury's attention to this issue, and did not imply the defendant's failure to testify was a tactical maneuver rather than an exercise of his constitutional right" (*People v Cochrane,* 248 AD2d 396).

We agree that the prosecutor made an improper comment to the jury during his summation when he stated that the defendant had a "constitutional right to sit there and make us [the People] prove it". However, the comment is harmless error in this case because the evidence of guilt was overwhelming and the comment did not deprive the defendant of a fair trial (*see, People v Crimmins,* 36 NY2d 230, *after remand, affd in part, revd in part* 38 NY2d 407).

The defendant's remaining contention is without merit. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.