# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1535**
**KA 08-02118**
PRESENT: SCUDDER, P.J., SMITH, GREEN, PINE, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                  V                              MEMORANDUM AND ORDER

GLORIA T. GONZALEZ, DEFENDANT-APPELLANT.

---

ABBIE GOLDBAS, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 22, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting her of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that she was denied a fair trial by three statements made by the prosecutor during his summation. By failing to object to any of those statements, defendant has failed to preserve her contention for our review (*see* CPL 470.05 [2]; *People v Carpenter*, 52 AD3d 1050, 1051, *lv denied* 11 NY3d 735, *cert denied* ___ US ___, 129 S Ct 1613; *People v McNear*, 265 AD2d 810, 811-812, *lv denied* 94 NY2d 864). In any event, defendant's contention is without merit. To the extent that the statements could be interpreted as a reference to defendant's failure to testify at trial, any error with respect to the statements is harmless. County Court instructed the jury on several occasions throughout the trial that defendant had no burden to testify or present any evidence, and the court further explicitly instructed the jury that it could not draw any unfavorable inference from defendant's failure to testify. Given those instructions and the overwhelming evidence of defendant's guilt, there is no reasonable possibility that the prosecutor's statements might have contributed to the conviction (*see generally People v Crimmins*, 36 NY2d 230, 237; *People v Valdez*, 262 AD2d 338, 339, *lv denied* 93 NY2d 1028; *People v Torres*, 213 AD2d 503, *lv denied* 88 NY2d 996).

Finally, we note that the certificate of conviction incorrectly recites that defendant was convicted of criminal possession of a

weapon in the second degree, and it must therefore be amended to recite that defendant was convicted of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) (*see People v Saxton*, 32 AD3d 1286).

All concur except PINE, J., who is not participating.