█ The People of the State of New York, Respondent, v Arthur L. March, Jr., Appellant. [945 NYS2d 805]—

Kavanagh, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 29, 2010, upon a verdict convicting defendant of the crime of burglary in the third degree.

After receiving a report that an individual had been seen early in the morning crawling through a broken window of a church, police responded to the scene and arrested defendant after finding him in the basement of the St. Paul's Missionary Baptist Church in the City of Elmira, Chemung County. During the ensuing investigation, it was determined that defendant did not have permission to be in the church at that hour—4:30 A.M.—and that a safe inside the church had been forced open. After a jury trial, defendant was convicted of burglary in the third degree and sentenced, as a second felony offender, to a prison term of 3 to 6 years. Defendant now appeals.

Defendant claims that the evidence was legally insufficient to support the judgment of conviction for burglary in the third degree because no proof was admitted at trial that, when he entered the church, he intended to steal the safe. However, defendant did not make this argument when he moved to dismiss this charge at the close of the People's case at trial or at any time thereafter; as such, he has not preserved this issue for our review (*see People v Carncross*, 14 NY3d 319, 324-325 [2010]; *People v Green*, 84 AD3d 1499, 1500 [2011], *lv denied* 17 NY3d 953 [2011]; *People v Lumnah*, 81 AD3d 1175, 1177 [2011], *lv denied* 16 NY3d 897 [2011]). More importantly, the People were not required, as defendant contends, to prove that at the point of his unlawful entry he harbored the specific intent of stealing the safe that was located in the pastor's office. Instead, to establish that defendant committed burglary in the third degree, the People had to present competent evidence that, when he entered the church, he did so unlawfully and with the intent to commit a crime therein (*see* Penal Law § 140.20; *People v Brisson*, 68 AD3d 1544, 1546 [2009], *lv denied* 14 NY3d 798 [2010]; *People v Bethune*, 65 AD3d 749, 751 [2009]).

Also, defendant's contention that his conviction for burglary in the third degree was against the weight of the evidence does not require extended discussion. Credible evidence was presented that when defendant was found inside the church, he did not have permission to be on the premises, his hand was injured, there was blood on his clothing, he was sweating profusely and, as previously noted, the safe in the pastor's office had been moved, forced open and there was an obvious attempt to steal property from the safe. This evidence, coupled with the eyewitness testimony as to how defendant gained access to the premises, provided ample support for the jury's conclusion that defendant was guilty of burglary in the third degree (*see People v Moyer*, 75 AD3d 1004, 1006 [2010]).

In addition, defendant did not object to County Court's charge to the jury, and the claim he makes now, that the court did not correctly instruct the jury regarding his state of mind when he entered the building, has not been preserved for our review (*see* CPL 470.05 [2]; *People v Vargas*, 88 NY2d 363, 381 [1996]; *People v Heier*, 90 AD3d 1336, 1339 [2011], *lv denied* 18 NY3d 994 [2012]). We also reject defendant's contention that he was denied the effective assistance of counsel at trial. In that regard, we note that trial counsel identified gaps in the People's proof and, in particular, questioned why DNA evidence had not been presented by the People since blood was found at the scene as well as on defendant's person after his arrest. Also, counsel,

through cross-examination of the People's witnesses, suggested that another individual was at the scene—the eyewitness who called the police—who had an opportunity to enter the church and break open the safe before the police apprehended defendant in the church basement. Accordingly, defendant was provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Muriel*, 75 AD3d 908, 911 [2010], *lv denied* 15 NY3d 922 [2010]; *People v Bruno*, 63 AD3d 1297, 1298 [2009], *lv denied* 13 NY3d 858 [2009]).

Finally, we reject defendant's claim that the sentence imposed was harsh and excessive. He has an extensive criminal record that includes numerous felony convictions and has failed to present any extraordinary circumstances that would warrant a modification of this sentence (*see People v Blackman*, 90 AD3d 1304, 1310-1311 [2011]; *People v Torres*, 81 AD3d 995 [2011]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.