(February 28, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. SIMMONS, Appellant. [960 NYS2d 527]—

Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 26, 2011, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Following a jury trial, defendant was convicted as charged of sexual abuse in the first degree after an incident in which he subjected a young female relative to sexual contact. The victim provided sworn testimony, as did her mother, recounting that she was born in August 2000 and the sexual contact incident occurred in April 2010 when she was nine years old. Defendant entered the victim's bedroom while she was sleeping and got in bed with her, and then made contact between his hand and her vaginal area under her clothing and asked her to undress. The child immediately ran from her bedroom and reported it to her mother, who found defendant still in the victim's bed. Sentenced to seven years in prison followed by 10 years of postrelease supervision, defendant now appeals.

Initially, defendant is correct that the trial judge who presided over his criminal trial, who was thereafter elected District Attorney of Columbia County in November 2011, is precluded from acting in that prosecutorial capacity as the respondent on this appeal (*see* Judiciary Law § 17; *Matter of Czajka v Koweek*, 100 AD3d 1136 [2012], *lv denied* 20 NY3d 857 [2013]). However, the issue of the District Attorney's disqualification is moot, given that County Court (Koweek, J.) issued an amended decision and order dated May 30, 2012 (effective June 5, 2012) granting defendant's motion to disqualify the District Attorney from responding to this appeal and appointing a Special Prosecutor to represent the People in defendant's appeal herein (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). The Special Prosecutor thereafter assumed the role of respondent on this appeal and filed a brief, and defendant is entitled to no other relief.

Defendant's challenges to the sufficiency of the indictment, the legal sufficiency of the evidence, and County Court's (Czajka, J.) jury instruction, based upon the omission of any reference to the victim's lack of consent, are unpreserved for our review and, finding no error, we discern no reason to exercise our interest of justice jurisdiction to take corrective action (*see* CPL 470.15 [3] [c]; [6] [a]). Defendant was charged with sexual

abuse in the first degree for subjecting the victim to sexual contact when she was under 11 years old (*see* Penal Law § 130.65 [3]), for which lack of consent is an element (*see People v Cratsley*, 86 NY2d 81, 86 [1995]). The law, however, deems a child under age 17 to be incapable of consenting to sexual acts, and that presumption is irrebuttable (*see id.* at 86 n 3; Penal Law § 130.05 [2] [b]; [3] [a]).

First, defendant's challenge to the factual sufficiency of the indictment due to its failure to allege lack of consent is unpreserved as it was neither raised in a pretrial motion nor at trial (*see People v Orcutt*, 49 AD3d 1082, 1084 [2008], *lv denied* 10 NY3d 938 [2008]). This omission did not constitute a jurisdictional defect so as to allow it to be raised for the first time on appeal (*see People v Iannone*, 45 NY2d 589, 600-601 [1978]). "An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (*People v Hansen*, 95 NY2d 227, 231 [2000]; *see People v Iannone*, 45 NY2d at 600). "The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo*, 98 NY2d 733, 735 [2002] [citations omitted]). Here, the indictment charged defendant with a particular crime on a specified date, put him on notice of the nature of the "sexual contact" alleged, cited the statutory subsection and alleged that the victim "was less than [11] years old," rendering her incapable of consent as a matter of law (*see* Penal Law § 130.05 [3] [a]); this obviated the need to also redundantly allege her lack of consent in the indictment. "Thus, the indictment served all of its essential functions and defendant's challenge to any nonjurisdictional deficiency in the factual allegation . . . was waived" (*People v Orcutt*, 49 AD3d at 1085).

Next, with regard to defendant's challenge to the legal sufficiency of the evidence concerning the victim's lack of consent, he made only a general motion to dismiss at the close of the People's proof, which was not renewed after the defense rested, thereby failing to preserve this claim (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Orcutt*, 49 AD3d at 1085). Were this issue properly before us, we would find that the evidence established beyond a reasonable doubt that the victim was under the age of 11 at the time that defendant subjected her to sexual contact, and she was therefore legally incapable of consent (*see People v Ramos*, 19 NY3d 133, 136 [2012]; *People v Cratsley*, 86 NY2d at 85; *People v Bleakley*, 69 NY2d 490, 495 [1987]). As for

defendant's complaint that County Court's charge to the jury should have included an explanation of lack of consent, this is also unpreserved as defendant raised no objection to the charge as given (*see People v Tucker*, 55 NY2d 1, 9 [1981]; *People v March*, 96 AD3d 1101, 1102 [2012]). The charge specified that the People bore the burden of proving beyond a reasonable doubt that the victim was less than 11 years old at the time that defendant subjected her to sexual contact which, as a matter of law, renders her incapable of consent. While it is certainly preferable for trial courts to adhere to the pattern jury charge (*see* CJI2d[NY] Penal Law § 130.65 [3]), we do not find that counsel was ineffective for failing to object to the charge as given (*see People v Heier*, 90 AD3d 1336, 1339 [2011], *lv denied* 18 NY3d 994 [2012]). Further, defendant was not deprived of the right to be present at a material stage of the trial when counsel briefly approached the bench—during the testimony of the officer who had questioned defendant about this incident— and the prosecutor notified defense counsel as to what he expected the officer would next testify (*see* CPL 260.20; *People v Spotford*, 85 NY2d 593, 596 [1995]; *People v Rodriguez*, 85 NY2d 586, 590 [1995]).* There was no "potential for . . . defendant to meaningfully participate" in that discussion, which did not concern "factual matters about which . . . defendant might have peculiar knowledge that would be useful" (*People v Fabricio*, 3 NY3d 402, 406 [2004] [internal quotation marks and citation omitted]). The sidebar did not concern *Molineux* prior bad act material, was not an informal *Ventimiglia* hearing (*see id.*; *see also People v Spotford*, 85 NY2d at 597; *People v Rodriguez*, 85 NY2d at 590-591) and did not concern the admissibility of proposed testimony (*see People v Turaine*, 78 NY2d 871, 872 [1991]). Defendant's presence was not necessary.

Likewise unpreserved is defendant's claim that County Court's instruction to the jury, provided at his request, regarding his decision not to testify was in error, as no timely objection was raised at trial, and the narrow exception is inapplicable because the charge as given did not "unambiguously convey[ ] to the jury that the defendant should have testified" (*People v Autry*, 75 NY2d 836, 839 [1990]; *see* CPL 300.10 [2]). The statute, like the pattern jury charge, advises the jury that "[t]he fact that [the defendant] did not testify is not a factor from

---

* The record reflects that the prosecutor merely advised that the officer would recount that defendant was asked if he "smok[ed] anything that day," to which defendant had replied "no"; defense counsel consented to the question being asked (there is no claim that the defense did not receive the required notice of defendant's statement to police), and the officer so testified.

which any inference unfavorable to the defendant may be drawn" (CPL 300.10 [2]; *accord* CJI2d[NY] Defendant's Conduct—Defendant Who Does Not Testify). We agree that the preferred course, upon the request of a nontestifying defendant, is to charge that specific statutory language "without elaboration" (*People v Torres*, 213 AD2d 503, 503 [1995], *lv denied* 88 NY2d 996 [1996]), rather than the variant language chosen by the court here. Were this issue properly before us, however, we would not find that the charge impermissibly conveyed that defendant should have testified.

Finally, given defendant's family relationship to the child, his lack of remorse and failure to accept responsibility for his actions and their affect on this child now and in the future, we perceive no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (*see* CPL 470.15; *People v Collins*, 56 AD3d 809, 811 [2008], *lv denied* 11 NY3d 923 [2009]).

Rose, J.P., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

