# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

867

KA 13-00170

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

ERNEST BROWN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERNEST BROWN, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 11, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct during the cross-examination of defendant and on summation is not preserved for our review. Defendant failed to object to most of the allegedly improper conduct (*see People v Gonzalez*, 81 AD3d 1374, 1374; *see also* CPL 470.05 [2]) and, when he objected, his objections were sustained, the court gave curative instructions to the jury and no further remedy was requested by defendant (*see People v Ennis*, 107 AD3d 1617, 1619-1620, *lv denied* 22 NY3d 1040, *reconsideration denied* ___ NY3d ___ [July 14, 2014]). Defendant also failed to preserve for our review his contention that he was denied a fair trial by judicial misconduct arising from the questioning of a prosecution witness by County Court. Defendant did not object to the court's questioning of that witness, and we reject defendant's contention that the alleged judicial misconduct constitutes a mode of proceedings error for which preservation is not required (*see generally People v Alcide*, 21 NY3d 687, 695; *People v Becoats*, 17 NY3d 643, 651). We decline to exercise our power to review those unpreserved contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

By failing to renew his motion for a trial order of dismissal

after presenting evidence, defendant failed to preserve his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Sterina*, 108 AD3d 1088, 1089).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495; *People v Lugo*, 87 AD3d 1403, 1404, *lv denied* 18 NY3d 860).  Defendant's sentence is not unduly harsh or severe.

We reject the contentions in the main and pro se supplemental briefs that defendant was not provided effective assistance of counsel.  Viewing the evidence, the law and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).  To the extent that the contentions in the pro se supplemental brief involve matters outside the record on appeal, those contentions must be raised by way of a motion pursuant to CPL 440.10 (*see People v Reed*, 115 AD3d 1334, 1337, *lv denied* ___ NY3d ___ [June 25, 2014]).  Finally, we reject the contention in defendant's pro se supplemental brief that cumulative errors deprived him of a fair trial (*see People v Wurthmann*, 26 AD3d 830, 831, *lv denied* 7 NY3d 765).

Entered:  September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court