# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**558**
**KA 14-01950**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT C. DIEHL, DEFENDANT-APPELLANT.

---

GARUFI LAW P.C., BINGHAMTON (CARMEN M. GARUFI OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO,
ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Lewis County Court (Donald E. Todd,
A.J.), rendered December 4, 2013. The judgment convicted defendant,
upon a nonjury verdict, of attempted grand larceny in the third
degree, offering a false instrument for filing in the first degree and
official misconduct.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
following a nonjury trial of, inter alia, attempted grand larceny in
the third degree (Penal Law §§ 110.00, 155.35). Contrary to
defendant's contention, County Court did not abuse its discretion in
allowing the People to reopen their proof to properly identify
defendant (*see* CPL 260.30 [7]). Although defendant is correct that
the People initially failed to ask their witnesses on direct
examination to identify defendant, the identity of defendant was
" 'simple to prove and not hotly contested' " (*People v Whipple*, 97
NY2d 1, 7).

By failing to renew his motion for a trial order of dismissal
after presenting evidence, defendant failed to preserve his challenge
to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d
56, 61, *rearg denied* 97 NY2d 678; *People v Brown*, 120 AD3d 1545, 1546,
*lv denied* 24 NY3d 1082). Viewing the evidence in light of the
elements of the crimes in this nonjury trial (*see People v Danielson*,
9 NY3d 342, 349), we conclude that the verdict is not against the
weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490,
495). The court "was entitled to reject defendant's version of the
events 'and, upon our review of the record, we cannot say that the
court failed to give the evidence the weight that it should be

accorded' " (*People v McCoy*, 100 AD3d 1422, 1422).

Frances E. Cafarell

Entered:  May 1, 2015

Clerk of the Court