# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**197**

**KA 13-01468**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON B. MORGAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 19, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal trespass in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and criminal trespass in the second degree (§ 140.15 [1]), defendant contends that he was denied his right to present a complete defense when Supreme Court refused to allow him to present the testimony of a private investigator, who would testify that the investigator was unable to enter the victim's apartment through the window allegedly used by defendant to enter the apartment. We reject that contention. While it is true that a defendant's right to present witnesses to establish a defense is a "fundamental element of due process of law" (*Washington v Texas*, 388 US 14, 19), "a defendant's right to present evidence is not absolute, but is subject to rules of evidence and procedure" (*People v Brown*, 107 AD3d 1145, 1148, *lv denied* 22 NY3d 1039). Here, the testimony of the private investigator was not relevant to the issues at trial. Whether defendant's investigator was able to enter the apartment through the window at issue has no " 'tendency in reason to prove the existence of any material fact' " (*People v McCullough*, 117 AD3d 1415, 1416, *lv denied* 23 NY3d 1040), and the court therefore properly excluded that testimony.

We also reject defendant's contention that the court erred in admitting a recording of a telephone call between defendant and the victim wherein he threatened her three weeks before he raped her. Contrary to defendant's contention, the court applied the proper legal

standard in determining that the People established a proper foundation for the recording's admission (*see generally People v Ely*, 68 NY2d 520, 527).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Defendant failed to preserve his contention for our review to the extent that he alleges that the prosecutor improperly vouched for the victim's credibility and denigrated the defense (*see People v Simmons*, 133 AD3d 1227, 1228), and we decline to exercise our power to review those allegations as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to defendant's contention that the prosecutor engaged in misconduct by mischaracterizing the evidence on summation, we conclude that the prosecutor's statement on summation was isolated, and the court's instructions during the jury charge ameliorated any prejudice to defendant (*see generally People v Currier*, 83 AD3d 1421, 1422-1423, *amended on rearg* 85 AD3d 1657).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming that a contrary verdict would not have been unreasonable, we conclude that nothing about the victim's testimony rendered it manifestly unworthy of belief, and "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942).

We reject defendant's challenge to the severity of the sentence. We have examined defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court