THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. MASTOWSKI, Appellant. [65 NYS3d 388]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 6, 2014. The judgment convicted defendant, upon a jury verdict, of vehicular

manslaughter in the first degree and driving while intoxicated, a class E felony (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of two counts of driving while intoxicated and dismissing counts two and three of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of vehicular manslaughter in the first degree (Penal Law § 125.13 [3]) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). Defendant contends that he was deprived of a fair trial by prosecutorial misconduct during summation. As an initial matter, we note that defendant failed to object to all but one of the instances of alleged misconduct (*see* CPL 470.05 [2]; *People v Gonzalez*, 81 AD3d 1374, 1374 [4th Dept 2011]), and we decline to exercise our power to review those unpreserved instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We nevertheless take this opportunity to admonish the prosecutor "and remind him that prosecutors have 'special responsibilities . . . to safeguard the integrity of criminal proceedings and fairness in the criminal process' " (*People v Huntsman*, 96 AD3d 1387, 1388 [4th Dept 2012], *lv denied* 20 NY3d 1099 [2013], quoting *People v Santorelli*, 95 NY2d 412, 421 [2000]).

With respect to the one preserved instance of alleged misconduct, we conclude that defendant's contention is without merit. Contrary to defendant's contention, the prosecutor did not call him a "liar" during summation; rather, the prosecutor argued that defendant "lie[d] to the police about his alcohol consumption" prior to operating his motor vehicle at the time and place at issue. We conclude that the prosecutor's remark was fair comment on the evidence (*see generally People v Rivera*, 133 AD3d 1255, 1256 [4th Dept 2015], *lv denied* 27 NY3d 1154 [2016]). Contrary to defendant's further contention, "examin[ing] the trial as a whole," we conclude that defendant was afforded meaningful representation (*People v Schulz*, 4 NY3d 521, 530 [2005]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

The People correctly concede, however, that counts two and three, charging driving while intoxicated, must be dismissed as lesser inclusory counts of count one, charging vehicular manslaughter in the first degree (*see People v Bank*, 129 AD3d 1445, 1448 [4th Dept 2015], *affd* 28 NY3d 131 [2016]), and we therefore modify the judgment accordingly. Defendant's failure

to preserve the issue for our review is of no moment because preservation is not required (*see People v Moore*, 41 AD3d 1149, 1152 [4th Dept 2007], *lv denied* 9 NY3d 879 [2007], *denied reconsideration* 9 NY3d 992 [2007]). Present—Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.