People v Nicholas G. (2020 NY Slip Op 01828)





People v Nicholas G.


2020 NY Slip Op 01828


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1267 KA 18-01570

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS G., DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered March 21, 2018. The judgment convicted defendant, upon a plea of guilty, of sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice, the conviction is vacated, and defendant is adjudicated a youthful offender and sentenced in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant argues that he should be afforded youthful offender status. In determining whether to afford youthful offender status to an eligible youth such as defendant, a court must consider "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]). "[T]he Appellate Division may exercise its interest of justice jurisdiction to adjudicate a defendant a youthful offender even if it does not conclude that the trial court abused its discretion in denying youthful offender treatment" (People v Shrubsall, 167 AD2d 929, 930 [4th Dept 1990]).
Here, defendant was 17 years old at the time of the crimes and had no prior criminal record, history of violence, or history of sex offending. Moreover, defendant has substantial cognitive limitations, learning disabilities, and other mental health issues, and he has accepted responsibility for his actions and expressed genuine remorse. Both the Probation Department and the reviewing psychologist recommended youthful offender treatment, and the record suggests that defendant might have the capacity for a productive and law-abiding future. The only factor weighing against affording defendant youthful offender treatment is the seriousness of the crimes.
On balance, although County Court did not abuse its discretion in denying defendant youthful offender status, we will exercise our discretion in the interest of justice to reverse the judgment, vacate the conviction, and adjudicate defendant a youthful offender (see People v Keith B.J., 158 AD3d 1160, 1160-1161 [4th Dept 2018]). We impose the same sentence on the adjudication that was previously imposed on the conviction, i.e., a definite term of six months' imprisonment that shall be a condition of and run concurrently with a 10-year term of probation (see CPL 720.20 [3]; Penal Law §§ 60.01 [2] [d]; 60.02 [2]; 60.13; 65.00 [3] [a] [iii]; 70.80 [1] [a]; [4] [b], [c]). All conditions of probation shall remain in effect.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court