People v Partlow (2023 NY Slip Op 02479)

People v Partlow

2023 NY Slip Op 02479

Decided on May 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

303 KA 19-02168

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAYLOR PARTLOW, DEFENDANT-APPELLANT. 

DAVIS POLK & WARDWELL LLP, NEW YORK CITY (NIKOLAUS J. WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR RESPONDENT.
DUANE MORRIS LLP, NEW YORK CITY (ERIC R. BRESLIN OF COUNSEL), FOR SEVENTEEN LEGISLATORS, AMICI CURIAE.

 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered September 5, 2019. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts and as a matter of discretion in the interest of justice by reducing the sentence imposed to a determinate term of incarceration of four years and a period of postrelease supervision of 2½ years and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant contends that Supreme Court erred in its charge on justification by failing to include the "reputation evidence" addendum to the CJI charge for Justification: Use of Deadly Force in Defense of a Person (see Penal Law § 35.15 [2]). Defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v McWilliams, 48 AD3d 1266, 1267 [4th Dept 2008], lv denied 10 NY3d 961 [2008]) and, in any event, we conclude that it lacks merit. "In evaluating a challenged jury instruction, we view the charge as a whole in order to determine whether a claimed deficiency in the jury charge requires reversal" (People v Medina, 18 NY3d 98, 104 [2011]). Here, although the court did not read the addendum, the jurors were appropriately instructed that they "should assess the reasonableness of defendant's belief that [s]he was in deadly peril by judging the situation from the point of view of defendant as though they were actually in [her] place" (People v Wesley, 76 NY2d 555, 559-560 [1990]). Further, nothing in the CJI reputation evidence addendum alters or negates the court's instruction that defendant "would not be justified if she was the initial aggressor of deadly physical force" (see CJI2d[NY] Justification: Use of Deadly Physical Force in Defense of a Person, https://www.nycourts.gov/judges/cji/1-General/ Defenses/CJI2d.Justification.Person.Deadly_Force.pdf). Inasmuch as the trial evidence regarding the victim's capacity for violence consisted almost entirely of direct evidence of his acts of violence toward defendant specifically, a charge addressing reputation evidence was unwarranted and, contrary to defendant's further contention, counsel was not ineffective for failing to request it (see People v Daggett, 150 AD3d 1680, 1682 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]; see e.g. People v Johnson, 136 AD3d 1338, 1339 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]).
Defendant's contention that she was denied a fair trial by prosecutorial misconduct during [*2]summation is unpreserved (see CPL 470.05 [2]; People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]) and, in any event, without merit. In light of defendant's acknowledgment at trial that she lied to the police, the prosecutor's remarks highlighting defendant's untruthfulness and disagreeing with defense counsel's assertion that defendant was now telling the truth were fair comment on the evidence (see People v Russo, 201 AD2d 512, 513 [2d Dept 1994], affd 85 NY2d 872 [1995]; People v Mastowski, 155 AD3d 1624, 1625 [4th Dept 2017], lv denied 30 NY3d 1117 [2018]; People v Sinclair, 231 AD2d 926, 926 [4th Dept 1996]). Further, even if certain other comments made by the prosecutor were improper, they were not so egregious as to deny defendant a fair trial (see People v Burton, 175 AD3d 1847, 1847-1848 [4th Dept 2019], lv denied 34 NY3d 1075 [2019]; People v Sweney, 55 AD3d 1350, 1351 [4th Dept 2008], lv denied 11 NY3d 901 [2008]), especially given the court's instructions to the jurors that their recollection of testimony would control and that the attorneys' summations were merely argument, not evidence (see People v Burke, 197 AD3d 967, 968 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]; People v Warmley, 179 AD3d 1537, 1538 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; People v Morgan, 148 AD3d 1590, 1591 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]; see generally People v Ashwal, 39 NY2d 105, 109-111 [1976]).
However, we agree with defendant that a reduction in her sentence is warranted pursuant to the Domestic Violence Survivors Justice Act ([DVSJA] L 2019, ch 31; L 2019, ch 55, § 1, part WW), which amended Penal Law § 60.12. As noted in the amicus brief filed by members of the New York State Senate and Assembly who sponsored or supported its passage, the DVSJA resulted from the legislature's second attempt "to provide a more compassionate sentencing scheme for survivors of domestic violence who committed offenses related to that abuse," even where a jury has rejected a justification defense (see generally People v Addimando, 197 AD3d 106, 109-110 [2d Dept 2021]). As noted during the bill's enactment, "all too often in our court system when women are defending themselves from domestic violence, instead of being met with . . . compassion and assistance and help," they are met with punishment (NY Senate Debate on 2019 NY Senate Bill S1077, March 12, 2019 at 1572 [statement of Senator Carlucci]). Penal Law § 60.12 (1) thus provides an alternative sentencing scheme that the sentencing court may apply where it determines that "(a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant as such term is defined in [CPL 530.11 (1)]; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; [and] (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06 or 70.71 (2) or (3)] would be unduly harsh."
Here, we conclude that a preponderance of the evidence supports both a finding that defendant was a victim of domestic violence during her relationship with the victim and was subjected to "substantial physical, sexual or psychological abuse" and a finding that "such abuse was a significant contributing factor to the defendant's criminal behavior" (Penal Law § 60.12 [1] [a], [b]; see Addimando, 197 AD3d at 111-112). We further conclude that sentencing defendant pursuant to the normal sentencing guidelines would be "unduly harsh" in light of the "nature and circumstances of the crime and the history, character and condition of the defendant" (§ 60.12 [1] [c]). We therefore modify the judgment on the facts and as a matter of discretion in the interest of justice (see CPL 470.15 [5], [6] [b]; Addimando, 197 AD3d at 118; see generally People v Nicholas G., 181 AD3d 1273, 1274 [4th Dept 2020]) by reducing defendant's sentence to a determinate term of incarceration of four years to be followed by 2½ years of postrelease supervision (see Penal Law §§ 60.12 [2] [a]; 70.45 [2] [f]).
Entered: May 9, 2023
Ann Dillon Flynn
Clerk of the Court