People v Niles (2025 NY Slip Op 01502)

People v Niles

2025 NY Slip Op 01502

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

185 KA 21-01078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL T. NILES, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (JAMES P. GODEMANN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered June 9, 2021. The judgment convicted defendant upon a jury verdict of assault in the second degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the third degree and dismissing count 2 of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [7]) and assault in the third degree (§ 120.00 [1]). As defendant contends and the People correctly concede, assault in the third degree is an inclusory concurrent count of assault in the second degree (see generally People v Skinner, 94 AD3d 1516, 1520 [4th Dept 2012]). Thus, that part of the judgment convicting defendant of assault in the third degree must be reversed and count 2 of the indictment dismissed (see generally People v Hickey, 171 AD3d 1465, 1466-1467 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]; People v Mastowski, 155 AD3d 1624, 1625 [4th Dept 2017], lv denied 30 NY3d 1117 [2018]), and we therefore modify the judgment accordingly. Contrary to the People's contention, preservation of this issue is not required (see Mastowski, 155 AD3d at 1625-1626).
Defendant failed to preserve for our review his contention that he was penalized for exercising his right to a jury trial on the ground that he received a harsher sentence than that proposed as part of a plea agreement (see People v McCullough, 128 AD3d 1510, 1512 [4th Dept 2015], lv denied 26 NY3d 1010 [2015]). In any event, his contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no evidence in the record that [County Court] was vindictive" (People v Lombardi, 68 AD3d 1765, 1765-1766 [4th Dept 2009], lv denied 14 NY3d 802 [2010] [internal quotation marks omitted]; see generally People v Pena, 50 NY2d 400, 411-412 [1980], rearg denied 51 NY2d 770 [1980], cert denied 449 US 1087 [1981]). The sentence is not unduly harsh or severe.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court